IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| LISA DUKE, AS TRUSTEE OF THE DAVID DUKE TRUST NO. 1, | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:13-CV-1012-A |
| COMPASS BANK, | § § § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the motion for leave to file its third-party complaint, filed in the above-captioned action by defendant, Compass Bank ("Compass"). Plaintiff, Lisa Duke, as Trustee of the David Duke Trust No. 1 ("Duke"), filed a response in opposition. Having considered the parties' filings and the applicable legal authorities, the court concludes that defendant's motion should be denied.

I.

<u>Amended Complaint and Proposed Third-Party Complaint</u>

In Duke's amended complaint, Duke claims that she entered into an agreement with Compass to purchase a promissory note owned and held by Compass and made by Bristolwood Homes, Inc. ("Bristolwood"). Duke alleges that after receiving payment for

the note from Duke, Compass failed to transfer the note to Duke and instead returned the note to Bristolwood.

In the instant motion, Compass seeks leave to file a third-party complaint against Bristolwood and J. Michael Slusser ("Slusser"), who Compass asserts was the director and officer of Bristolwood at the time the note was made. Compass claims that although it mistakenly executed and recorded a release of lien in favor of Bristolwood on or about December 19, 2012, Compass attempted to revoke the release on or about February 2, 2013. Compass contends that Bristolwood and Slusser have refused to execute the revocation agreement and return the note. Compass further claims that Bristolwood and Slusser have ceased paying on the note and that the note has fallen into default. The proposed third-party complaint asserts causes of action for breach of contract, breach of the note, and unjust enrichment, and requests an order allowing foreclosure or a declaratory judgment authorizing foreclosure, equitable rescission, and a declaratory judgment to correct the unintended mistake.

II.

Legal Standard under Rule 14(a)

Under Rule 14(a) of the Federal Rules of Civil Procedure, a defendant, as third-party plaintiff, may sue "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The purpose of Rule 14(a) is "to bring in third parties who are derivatively liable to the impleading party." Hassan v. La. Dep't of Transp. & Dev., No. 98-31224, 1999 WL 642861, at *2 (5th Cir. July 26, 1999) (per curiam). Therefore, impleader is appropriate "only in cases where the third party's liability [is] in some way derivative of the outcome of the main claim." United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967). In other words, "impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim." Id. Thus, separate and independent claims against a third party are not permitted under Rule 14 even if such claims arise out of the same general set of facts as plaintiff's main claim. Id. Further, factors that courts have considered in deciding whether to permit a third-party complaint include possible prejudice to the other parties, undue delay by the third party plaintiff, and whether allowing the third party complaint would further the goals of Rule 14 by eliminating duplicative suits and promoting

3

judicial economy. See 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1443 (3d ed. 2010). See also Am. Int'l Specialty Lines Ins. Co. v. 7-Eleven, Inc., No. 3:08-CV-807-M, 2009 WL 2448440, at *2 (N.D. Tex. Aug. 7, 2009); Briones v. Smith Dairy Queens, Ltd., No. V-08-48, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008). The court is afforded "wide discretion" in deciding whether to permit such third-party practice. McDonald v. Union Carbide Corp., 734 F.2d 182, 184 (5th Cir. 1984) (per curiam).

### III.

### Analysis

In her response, Duke argues that the claims in Compass's proposed third-party complaint are separate and independent claims and are not derivative of the outcome of the main claim. The court agrees. Duke's main claim in this action is that Compass breached a contract with Duke regarding the sale of a promissory note. In contrast, Compass alleges in its proposed third-party complaint that Bristolwood and Slusser breached a separate agreement by refusing to cooperate with Compass in revoking the release of the note, and that they subsequently defaulted on the note. The claims Compass asserts against Brisolwood and Slusser do not emanate from the main claim. In other words, Bristolwood and Slusser could still be liable to

4

Compass for breach of contract, breach of the note, and unjust enrichment regardless of whether Compass is found liable to plaintiff on plaintiff's breach of contract claim. Accordingly, the liability of Bristolwood and Slusser is independent of defendant's liability to plaintiff and is not dependent on the outcome of plaintiff's claim against defendant. Therefore, defendant's proposed third-party complaint is not appropriate under Rule 14.

Further, the court finds that the relevant factors to be considered in deciding whether to permit a third-party complaint weigh against granting defendant's motion. Specifically, addition of the proposed third-party defendant would not further the goals of Rule 14, would likely prejudice plaintiff by increasing the cost of litigation, and would potentially dely the case. Finally, the court notes that denying defendant's motion would not prejudice defendant, as defendant would still be free to file its claims against Bristolwood and Slusser in a separate action.

IV.

Order

Therefore,

The court ORDERS that defendant's motion for leave to file its third-party complaint be, and is hereby, denied.

SIGNED March 5, 2014.

_____
JOHN McBRYDE
United States District Judge